## Fish's Contested Election.

*Election law—Petition for contest—Qualifications of signers—Payment of taxes—Women voters—Marriage after registration—Change of name.*

1. A signer of a petition for contest of an election must have been assessed for taxes within two years prior to the election.

2. If the tax books of the county in which he resides show no such assessment, the burden is upon him to show assessment within two years in some other county of the Commonwealth.

3. An unmarried woman, whose name appears on the registration list prior to the primary election, who subsequently marries before the election day, cannot, without having filed an affidavit as to such marriage, sign a petition for a contest as a qualified voter.

Motion to quash petition for election contest. Q. S. Mercer Co.

*W. W. Moore,* for plaintiffs; *C. E. Brockway,* for defendant.

McLAUGHRY, P. J., Dec. 21, 1921.—A petition was presented to the Court of Quarter Sessions, signed by alleged qualified voters of the 4th Ward of the Borough of Farrell, Mercer County, Pennsylvania, setting forth that they voted at the election held on Nov. 8, 1921, in said ward, for the election of burgess of said Borough of Farrell. The petition avers that F. S. Fish was declared to have received 1253 votes and James Nevant 1168 votes in said Borough of Farrell, and that said James Nevant was the nearest contestant to the said F. S. Fish for the office of burgess. The petition further avers that in the 4th Ward of said Borough of Farrell, F. S. Fish was given 444 votes and that James Nevant received 342 votes, and that if the vote of said 4th Ward be set aside as illegal that F. S. Fish would receive 809 votes in said borough for the office of burgess, and James Nevant would have received 826 votes for said office, and said James Nevant would thereby be entitled to a certificate of election as burgess of Farrell instead of F. S. Fish.

At the date set for the hearing, and immediately before any testimony had been taken, counsel for F. S. Fish presented a motion to quash the petition, giving as a reason for the presentation of said motion that certain names attached to the petition were not those of qualified electors, and that the petition did not contain the signatures of twenty-five qualified electors, as required by law. The court then announced that testimony would be heard on this motion, together with other testimony affecting the matters alleged in the petition, and would give consideration to the motion to quash and act upon the same at the time the matters alleged in the petition were considered. . . .

It is our first duty to dispose of the motion to quash, for reasons stated in said motion. The fifth reason given is that the petition is not signed by twenty-five qualified electors of the 4th Ward of the Borough of Farrell.

The Act of May 19, 1874, P. L. 208, upon which the proceedings in this case are based, requires the petition for contest to be signed by at least twenty-five qualified electors who voted at the election contested. If this averment is true, it is the duty of the court to grant the motion. The statutory requirements must be complied with in every detail. The act requires that the petition must not only be signed by twenty-five electors who voted at the election on Nov. 8th, but they must also have been qualified electors. Where a question

of this kind is raised, it is the duty of the court to hear evidence presented to determine whether or not the signers were qualified electors. From examination of the petition in this case, we find but twenty-five names signed to the petition. If one of these signers is not a qualified elector, the petition must fall.

Evidence was presented for the purpose of showing that Steve Thomas and William Heinze were not qualified electors, for the reason that they had not been assessed as required by law. Steve Thomas was called to the witness-stand, and testified that he had been a resident of the 4th Ward of Farrell for about seven years, and the assessment books of the 4th Ward were offered in evidence. These assessment books show that Steve Thomas has not been assessed with any taxes payable within the two years, as required by section 1 of art. VIII of the Constitution of Pennsylvania, which requires, among other qualifications, the following: "If twenty-two years or upward, he shall have paid within two years a State or county tax, which shall have been .assessed at least two months and paid at least one month before the election." Steve Thomas offered in evidence a tax receipt for 1921 taxes, being paid on Aug. 22, 1921. The evidence before us shows that he was not assessed for said taxes, which is a part of the requirements of the law to qualify him to vote. We think, under the evidence before us, that Steve Thomas was not a qualified elector.

In the case of William Heinze, the only testimony before us is that he has been a resident of Farrell for a period of twenty-one years, and had lived in the 4th Ward of Farrell for more than two years. Upon the examination of the evidence before us, we find that he has not been assessed as required by law, and there is no evidence that he has paid any tax within two years. From all the evidence before us, we find that William Heinze was not a qualified elector on Nov. 8, 1920, the date of election.

Counsel for the petitioners argued that the above named signers might have been assessed and paid taxes elsewhere within the Commonwealth, and that the assessment books filed in the court-house of Mercer County would not be sufficient evidence to base a conclusion that the law had not been complied with.

It has been held by the courts that the assessment books filed in the commissioners' office are the best evidence of an assessment; and when such records are offered in evidence, showing there has not been an assessment as required in the case before the court, then a *prima facie* case is raised which stands until it is shown that the party was assessed elsewhere. In the case before us this has not been done, and it seems very clear that the above named William Heinze and Steve Thomas had not complied with the qualifications required by the laws of the State of Pennsylvania to entitle them to vote, and were, therefore, not qualified electors as required by the Act of May 19, 1874, P. L. 208.

It is also alleged that Elizabeth Broderick was not a qualified elector, for the reason that her name does not appear upon the registration list, and for that reason she should have been required to make an affidavit qualifying herself as a qualified voter. It is evident that the name of Elizabeth Broderick does not appear upon the registration list, and there is no affidavit qualifying a person by that name to vote. Elizabeth Broderick testified that she has been married subsequently to the primary election, and that her name appeared on the registration list as Elizabeth Heinze. Under the circumstances, would she be a qualified elector? The Act of July 2, 1839, § 65, P. L. 519, 533, reads as follows: "No person shall be admitted to vote whose name is not contained on the list of taxable inhabitants furnished by the commis-

1 D. & C.

sioners as aforesaid, unless (1) he produce a receipt for the payment within two years of a State or county tax assessed agreeably to the Constitution, and give satisfactory evidence, either on his own oath or affirmation or the oath or affirmation of another, that he has paid such a tax, or, on failure to produce a receipt, shall make oath to the payment thereof."

The name of Elizabeth Broderick does not appear on the list of voters, and the law specifically says that "any person whose name does not appear" shall make affidavit. We think that, under a strict compliance with the law, an affidavit should have been taken, setting forth the fact of her marriage, and that she was the Elizabeth Heinze whose name appeared upon the voters' list. We are corroborated in taking this position by the Voters' Guide, which is placed in the hands of the election boards throughout the county by the county commissioners, from which we take the following: "A woman who has registered and subsequently marries a native-born or a naturalized citizen of the United States between the registration and election day may vote by making a proper affidavit, providing she continues to reside in the election district, as required by law." We are of the opinion that Elizabeth Broderick was not a qualified elector until she had made said affidavit. From the evidence on the motion to quash, it is obvious, as above shown, that there was but twenty-two of the petitioners who were qualified electors at the election. . . .

Petition dismissed.					From W. G. Barker, Mercer, Pa.

NOTE.—The order of the court below was affirmed by the Supreme Court (273 Pa. 410) upon the ground that the lower court had correctly held that the facts averred did not justify the rejection of the entire vote of the 4th Ward; the ruling of the court below as to the alleged disqualification of the three signers of the petition was not passed upon.